# Miggett's Appeal.

While it is a rule that a trustee dealing with the property of his cestui que trust cannot divert it to purposes foreign to the trust without the utmost openness and frankness with the party beneficially interested therein; yet if the evidence shows that the trustee made full disclosures to his cestui que trust, and that the latter, (being of full age and under no disability) had as full knowledge of every fact connected with the property as the trustee had—if there was no fraud, no concealment and the transaction was open and fair and received the undoubted and intelligent approval of the cestui que trust, a bona fide purchase by the trustee of property held by him in trust, for a full consideration, will be sustained.

March 24th, 1885.   Before MERCUR, C. J., GORDON, PAX-SON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

APPEAL of William Miggett from a decree of the Court of Common Pleas No. 2, of *Philadelphia county:*   Of January Term 1884, No. 306.

This was a bill in equity filed by William Miggett against James Dittie, averring, in substance, that the plaintiff having undertaken to build a large number of houses, under an arrangement with other parties, became embarrassed before the completion of the operation, and it was arranged that nineteen houses, some finished and some unfinished, should be conveyed to the defendant as trustee to hold the same with

power of sale, for the benefit of the mechanics' and lien credi-
tors until their claims should be paid, and thereafter for the
use of the plaintiff; complainant alleged that the defendant
had failed in his duties as trustee, and by compromising the
claims of the creditors, had effected a private sale of certain of
the houses to himself individually, and had brought eject-
ment for one of said houses against said Miggett.    The bill
prayed an account, discovery, that the defendant be required
to show by what right he claims to hold said properties in his
own right, and an injunction to restrain him from proceeding
in said action of ejectment.

The defendant in his answer averred that after he assumed
the trust, frequent efforts to sell at private sale were unavail-
ing; that at a meeting of all the parties in interest, including
the plaintiff, an agreement in writing was signed by all said
parties, including the plaintiff, reciting that certain of the
houses remained unfinished for want of funds, and that
although the trustee had, by the terms of the trust, discretion-
ary power of sale, yet he was unwilling to exercise the same
entirely at his discretion, and the trustee requested all the
creditors and the said Miggett to give their consent and ap-
proval for the sale of twelve finished houses for $3,057, being
fifty per cent of the entire claims; and the said creditors
favoring said request did thereby agree and consent thereto.
The name of the intending purchaser, James McCartney,
had originally been inserted in the above mentioned agree-
ment, but before the agreement was signed he declined
to purchase; and defendant averred that he himself was
then induced to purchase said properties at said price, where-
upon McCartney's name was erased and his, the defend-
ant's name written in place thereof with the full knowledge
and consent of all parties; and that the said agreement, under
seal, was then executed by all the parties in interest, includ-
ing the plaintiff; he acting voluntarily with full information
etc., that the money was paid and distributed, etc. Defendant
denied all fraud or concealment.

The Examiner and Master to whom the cause was referred,
(Walter George Smith, Esq.) took voluminous testimony, and
reported that while he would hesitate to conclude that the de-
fendant had been guilty of fraud, yet " it is fatal to the valid-
ity of the agreement that he was a trustee, and yet derived a
benefit that his duties forbade him to seek;" and that the
testimony was not such, as, in the opinion of the Master, to
shift the burden of proof which rested on the trustee to show
that the transaction was with the full knowledge and consent
of the plaintiff, as cestui que trust.    The Master held there-
fore, that the agreement relied on by defendant to show plain-

tiff's consent to the sale, though signed by plaintiff, "must be considered merely as a compromise with the creditors, and leaves the trustee liable to account to Mr. Miggett for all receipts and expenditures." . . . . . He reported a decree accordingly.

Exceptions filed by the defendant to the Master's findings of fact and conclusions of law were sustained by the court, in a decree dismissing the bill without costs; whereupon the plaintiff took this appeal, and filed the following assignments of error:

"1. The court erred in sustaining the exceptions.

"2. The court erred in dismissing the bill.

"3. The court erred in not entering a decree as reported by the Master."

Soon after the record was removed to the Supreme Court, an opinion (by MITCHELL, J.) was filed in the court below, setting forth the findings of fact by the court, from the evidence, and the reasons for the decree. The court said inter alia:

"The rules of law are clear, and are well stated by the Master. There can be no argument over them. But we are constrained, on careful examination of the whole evidence, to differ entirely from his view of the merits of the case, and the proper application of the undisputed legal principles."

At the argument in this court the counsel for appellee admitted the principles of law and equity to be as stated by counsel for appellant; the matters in dispute were inferences of fact, from the evidence, as stated in the Master's report and in the opinion of the court below respectively.

*John M. Williamson* and *Charles Barclay*, for the appellant.

*H. W. Gimber* and *E. Coppée Mitchell*, for the appellee.

The opinion of the court was delivered April 20th, 1885.

PER CURIAM. The fact that the opinion of the court was not filed until some time after the decree dismissing the bill was entered, does not detract from the clear presentation of the evidence and the correct conclusions of law therein contained. No opinion having been filed when the decree was made it was entirely proper to supply the omission thereafter. It is true it should have been attached to the record and duly certified; yet its authenticity is unquestioned.

It is a salutary rule that a trustee dealing with the property of his *cestui que trust* cannot divert it to purposes foreign to the trust without the utmost openness and frankness with the party beneficially interested therein. The evidence must show

that the trustee made full disclosures to his *cestui que trust* to sustain a purchase of the trust property from the latter: Spencer's Appeal, 30 P. F. S., 317.   In this case however we think the necessary disclosures were made.   The appellant had as full knowledge of every fact connected with the property as the trustee had.   There was no fraud, no concealment. The transaction was open and fair, and received the undoubted and intelligent approval of the appellant.

> Decree affirmed and appeal dismissed at the costs of the appellant.